FLOYD G. HOEK, DEFENDANT-RESPONDENT, v. BOARD OF
EDUCATION OF THE CITY OF ASBURY PARK IN THE
COUNTY OF MONMOUTH, STATE OF NEW JERSEY,
PLAINTIFF-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 1, 1962—Decided October 16, 1962.

Before Judges GOLDMANN, FREUND and FOLEY.

*Mr. Joseph N. Dempsey,* attorney for petitioner-appellant
Board of Education of Asbury Park.

*Mr. Edward W. Currie,* attorney for respondent Hoek.

PER CURIAM. Appellant board of education sought a rehearing following the coming down of our opinion on June 21, 1962 (75 *N. J. Super.* 182) affirming the determination of the State Board of Education. We denied the application in view of the board's petition for certification pending in the Supreme Court. By order entered September 17, 1962 that court held the petition and remanded the matter so that we might deal with the application for a rehearing.

In his petition counsel for the board urged that the best interests of his client and of justice required a rehearing so that he might clarify his position in regard to the appropriate remand procedure. In the course of our opinion we had said:

"Whatever the argument made by appellant in its brief, its counsel agreed at oral hearing that the matter should go back to the local board for the filing of charges by it or any other proper person, and the prosecution of those charges before the State Commissioner of Education under the Tenure Employees Hearing Act, if the local board deemed it in the public interest that charges be brought. Counsel for appellant conceded that this was the preferred procedure, and he informed the court that he had so agreed before the State Board." (75 *N. J. Super.*, at *page* 190)

Counsel for appellant contends that we misinterpreted his position. He says that at no time did he mean to infer that it was a matter of indifference to him or his client as to whether the matter was remanded to the board or to the State Commissioner of Education. Appellant's brief on rehearing states:

"* * * Counsel did say before the State Board of Education and again at oral argument before the Superior Court, Appellate Division, that, as an *academic* matter, the Tenure Employees Hearing Act provided a more suitable procedure for trials of this nature than did its predecessor. Likewise, counsel stated that if a remand must be had, he would have no objection to the charges being heard before the State Commissioner of Education in the first instance *as long as* such a procedure was without prejudice to appellant's rights as to respondent's compensation claim for back pay in the event the respondent is eventually found guilty under the charges stated. * * *" (Italics counsel's)

The board asks that

"* * * the mandate be modified so that the new trial may be brought, either before the local Board of Education or before the Commissioner of Education, without the necessity of the plaintiff Board bringing new charges and thus perhaps recognizing the defendant in office and entitling him to compensation before decision on the merits can be obtained, and even though both agencies who have examined the merits have found the defendant unqualified to hold public office."

We have reconsidered that part of our opinion which deals with the remand, and this in the light of the briefs and oral argument on rehearing. Although the participation of Novogrod in the local board of education's hearings on the charges tainted the entire proceedings and denied respondent a fair trial, the charges still remain. They have a continuing viability. They still await resolution.

The Asbury Park board may, therefore, file the pending charges (or as many of them as it deems in the public interest) with the State Commissioner of Education, and prosecute them before him as soon as reasonably possible. We consider this to be the only correct procedure, not only because of the existing Tenure Employees Hearing Act (*N. J. S. A.* 18:3–23 *et seq.*), but because the local board has already considered the charges and made up its mind as to Hoek's guilt. The board should not, as we said in our earlier decision, be at one and the same time investigator, prosecutor and judge. The fresh approach called for by the statute will insure a maximum measure of justice for respondent.

Our earlier decision dealt only with the correctness of the State Board of Education's determination that respondent's dismissal was invalid because of Novogrod's disqualification to participate in the local board hearings. We did not and do not now have before us the question of any possible salary claim respondent might assert. We may not therefore be considered as having dealt with that question in any respect whatever.